**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4249

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KARMEN GRIMES,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00034-GMG-RWT-2)

Submitted:  January 14, 2026                    Decided:  February 6, 2026

Before WYNN, HARRIS, and HEYTENS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karmen Grimes pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and the district court sentenced her in September 2023 to five years' probation. The probation officer later petitioned the district court to revoke Grimes' probation term, alleging she had violated the conditions of her probation. In April 2025, Grimes admitted violating the conditions of her probation, and the district court revoked her probation term and resentenced her to 23 months' imprisonment and 3 years' supervised release.

On appeal from the April 2025 judgment, Grimes' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in imposing the prison and supervised release terms.[*] The Government moved to dismiss the appeal as barred by the appeal waiver in Grimes' plea agreement. After reviewing the record, we ordered the parties to submit supplemental briefs addressing whether the district court erred under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). Grimes' counsel filed a supplemental brief arguing that the district court violated *Rogers*. The Government responded by moving to reverse and remand for resentencing based on the district court's error under *Rogers*, and Grimes does not oppose this motion. We agree that the district court committed a *Rogers* error. Accordingly, we deny the Government's motion to

_____

[*] Although offered the opportunity to do so, Grimes did not file a pro se supplemental brief.

2

dismiss the appeal, deny in part and grant in part the Government's motion to reverse and remand, vacate Grimes' sentence, and remand for resentencing.

Although the district court announced some of the conditions of Grimes' three-year term of supervised release, it did not announce the eighth and ninth of the nine discretionary special conditions that appear in the written judgment. Thus, the district violated the rule that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *Id.* at 296. This is reversible error under de novo review, *id.* at 295-96, and the appeal waiver in Grimes' plea agreement does not bar our review of this claim, *United States v. Singletary*, 984 F.3d 342, 344-45 (4th Cir. 2021).

When a district court fails to announce discretionary conditions of supervised release that are later included in the written judgment, we must vacate the defendant's sentence in its entirety and remand for resentencing. *See id.* at 346 & n.4. Thus, we have no occasion to consider the challenges to Grimes' sentence raised in the *Anders* brief or whether such challenges are barred by the appeal waiver.

Therefore, we deny the Government's motion to dismiss the appeal, deny the Government's motion to reverse and remand insofar as it seeks reversal, grant the Government's motion to reverse and remand insofar as it seeks a remand for resentencing, vacate Grimes' sentence pursuant to *Rogers* and *Singletary*, and remand for resentencing. This court requires that counsel inform Grimes, in writing, of the right to petition the Supreme Court of the United States for further review. If Grimes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

3

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grimes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*